{¶ 26} I concur with the majority as to the disposition of this case. I write separately only to clarify why I am concurring with the portion of the majority's analysis which states that the trial court went beyond the scope of its permissible review regarding its findings on causation and damages.
 {¶ 27} I concur with the majority when it finds the term rig to be "reasonably susceptible to more than one interpretation based upon the usage of the term in the communications between the parties", and therefore, there is a question of fact as to its meaning. The magistrate found that rig "in this instance" means to load. That phrase indicates to me that there was something about the individual facts of this case that led the magistrate to his conclusion, and thus, the trial court would have needed a transcript to resolve said issue. Without the transcript, the trial court should have overruled appellee's objection to the Magistrates Decision. I further concur that that error by the trial court was sufficient to warrant a reversal and to enter judgment.
 {¶ 28} I also concur with the majority when it finds that the trial court went "beyond the scope of its permissible review when it made the findings that Appellant's breached caused the cargo to be damaged and the damages exceeded $3,000.00." I don't know how the trial court could conclude this without a transcript. Even if I were in agreement with the trial court regarding who was responsible for securing the load in question, I would not agree that the trial court could determine that the failure to secure the load caused the damages and/or caused them in the amount of $3,000.00 when the trial court did not know what evidence was presented as to those issues. The correct procedure for the trial court, after determining that Selinsky, Inc., was responsible for *Page 10 
Stark County, Case No. 2007CA00110 10 securing the load, would have been for it to remand the matter to the Magistrate with instructions to apply the new legal interpretation of "rig" to the facts of the case in order to determine whether Selinsky's failure to secure the load caused any or all of the damages. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court is reversed and pursuant to App. R. 12(B), final judgment is entered in favor of Appellant according to the Feb. 22, 2007 Magistrate's Report with damages in the amount of $1100.00, plus interest at the statutory rate from March 26, 2007 and costs.
 Costs assessed to appellee. *Page 1